Benjamin J. Rabin, J.
The defendants claim that the merchandise which is being sold at less than the prices fixed by plaintiff is all part of a single purchase made in January, 1949, and that the sales are being made for the purpose of closing out the defendants’ stock with the intention of discontinuing further dealings in the article. The fact that the sales have continued over a fairly long period of time does not alter the statutory rights of the defendants to resell at less than the fixed prices for the purpose of closing out their stock. Defendants may continue to make sales, if their purpose is to close out the stock and not to deal in plaintiff’s product thereafter, until they have disposed of the entire lot purchased by them *715 in January, 1949. The claim that defendants cannot avail themselves of the statutory exception because they have not first offered to sell the products back to plaintiff at the price which they paid originally is without merit. The statute (General Business Law, § 369-a, subd. 2, par. [a]) contains no such qualification. It is true that plaintiff’s fair-trade contract contains such a provision, but it is at most binding upon those who became parties to the contract. The present defendants did not become parties to the contract and they are bound by it only to the extent that the statute makes the contract binding upon them. (See General Business Law, § 369-b.) The motion for a temporary injunction is denied. The brief submitted by the attorneys for defendants, in effect, consents to immediate trial of the issues. Plaintiff, if it so elects, may obtain an early trial, the election to be indicated upon the settlement of the order. Settle order.